UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DARREN and CYNDI WELTER,  No. 15-10160

                Debtor(s).
_____/

FLYNN and ENSLOW, INC.,

                Plaintiff(s),

v.  A.P. No. 15-1044

DARREN A. WELTER,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      Chapter 7 debtor and defendant Darren Welter was for many years the key employee of plaintiff Flynn and Enslow, Inc., ("FE") a manufacturer and wholesaler of wire mesh products. In 1993, with the knowledge and consent of the principals of FE, Larry and Lois Enslow, he began doing related side fabrication work which FE did not want to do. Welter would invoice FE for his work, and FE routinely paid the invoices.

      From the early 1990's to 2010 or so, Welter took on more and more responsibility for the

1

operations of FE as its principals grew older and were no longer willing or able to actively run its operations. In 2000, Welter took over the responsibilities of a vice president when the vice president retired and was not replaced. All during this time, he continued to do his side fabrication work with FE's knowledge and FE continued to pay his invoices.

Control of FE passed to others in 2012 when Lois Enslow was no longer able to oversee its operations. The new managers first began to discuss sale of FE to Welter, then terminated his employment when an agreement was not reached and Welter continued his side work. After termination, FE sued Welter in state court. Welter and his wife filed a Chapter 7 bankruptcy petition on February 18, 2015. FE then commenced this adversary proceeding seeking a determination that its claims are nondischargeable. FE's complaint alleges that Welter committed fraud by operating his side fabrication business such that its claims are barred from discharge pursuant to § 523(a)(2) of the Bankruptcy Code. It also alleges that he embezzled money from FE by having it pay him for goods it never received and that he took $50,000 worth of tools belonging to FE and that discharge of these claims are barred by § 523(a)(4). All of the claims relate to Welter's side fabrication work.

Welter's motion for summary judgment is now before the court.[1] Summary adjudication in cases like this is rarely appropriate, and FE easily demonstrated triable issues of fact related to its specific embezzlement and larceny claims. However, its fraud claim appears so lacking in merit that the court is tempted to throw it out summarily.

Fundamental to a fraud claim is either a lie or intentional concealment of a fact the defendant has a duty to disclose. In this case, FE has not produced a shred of evidence as to either. Welter's declaration that he conducted his side business with the full knowledge of FE is not only completely uncontradicted, it is actually supported by FE's evidence and the arguments of its counsel. According to FE, it repeatedly told Welter to cease his outside work and terminated him when he did not. How

---

[1] The facts recited in this Memorandum are not findings of the court and are merely stated for background and procedural purposes. They are only the court's general understanding from the declarations of the parties.

2

FE expects the court to find fraud for something it knew all about is a mystery to the court and casts significant doubt over FE's entire case.

FE also seems to have a strange idea that it is automatically entitled to inferences of wrongful intent when the matter comes to trial. While it is entitled to them on a motion for summary judgment, at trial inferences of wrongful intent may be made by the court if all the facts and circumstances of the case, as well as the demeanor of witnesses, convince the court that plaintiff has met its burden as to all issues. They are not something to which a plaintiff is automatically entitled in order to round out its case.

Ultimately, the decision to grant partial summary judgment is within the discretion of the court, especially when the motion is made on the eve of trial and the facts urged as calling for summary adjudication are intertwined with claims which will have to be tried. 27A **Fed.Proc.L.Ed**., Pleadings and Motions § 62:625. In this case, all of the claims relate to Welter's side business. Trial is less than three weeks away and the case will only take a day or so to try, so there is little benefit to partial adjudication. The court will accordingly deny the motion without prejudice to raising any issue at trial. The court strongly suggests to FE, however, that its fraud claim is quite without merit.

Counsel for FE shall submit an appropriate form of order which counsel for Welter has approved as to form.

Dated: February 3, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

3